**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

ARTHUR L. MERCER,

                             Plaintiff,

                                                                 Civ. No. 1:14-CV-1029
   v.                                                          (GTS/RFT)

KEVIN HARP, *District Attorney*; and
DONALD WILLIAMS, *County Court Judge*,

                             Defendants.

**APPEARANCES:**                         **OF COUNSEL**:

ARTHUR L. MERCER
Plaintiff, *Pro Se*
#1646
Ulster County Jail
380 Boulevard
Kingston, New York 12401

**RANDOLPH F. TREECE, U.S. Magistrate Judge**

**REPORT-RECOMMENDATION AND ORDER**

     The Clerk has sent to the Court for review a civil rights Complaint brought, pursuant to 42 U.S.C. § 1983, by *pro se* Plaintiff Arthur Mercer, who is currently incarcerated in the Ulster County Jail. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee and seeks leave to proceed with this action *in forma pauperis* (IFP). Dkt. Nos. 5 & 6, IFP App.[1] For the reasons set forth below, Plaintiff's request to proceed IFP is **denied** pursuant to 28 U.S.C. § 1915(g). And, for the reasons set forth below, we recommend dismissal of Plaintiff's Complaint and that his cases be forwarded to the Chief Judge for the issuance of a filing injunction order.

---

[1] This case was administratively closed on August 21, 2014, because Plaintiff's original IFP application was not properly certified and because he did not provide the Court with an Inmate Authorization Form. Dkt. No. 4. Upon receipt of a properly certified IFP Application and Inmate Authorization Form, this matter was reopened and forwarded to the undersigned for review.

## I. IFP APPLICATION

Where a plaintiff seeks leave to proceed IFP, a court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee.[2] Upon review, the Court finds that Plaintiff has demonstrated economic need and has filed the Inmate Authorization Form required in this District. *See* Dkt. Nos. 6 & 7.

Our inquiry, however, does not cease; the Court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) bars Plaintiff from proceeding IFP. Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In recognizing the legitimate government interests fostered by the PLRA amendments, the Second Circuit stated that,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing lawsuits. Indeed, the very nature of incarceration--prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials--has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately to file suit at taxpayers' expense.

*Nicholas v. Tucker* 114 F.3d 17, 20 (2d Cir.1997) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983)).

Although service of process has not yet taken place, it is proper for this Court to review

---

[2] The total cost for filing a civil action in this Court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00). A party granted IFP status is not required to pay the $50.00 administrative fee; however, a prisoner granted IFP is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

Plaintiff's litigation history and *sua sponte* invoke, if applicable, section 1915(g). *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) (noting that a court may raise the three strikes rule *sua sponte* in order to foster the "compelling purpose of the [PLRA] . . . to give district courts greater power to protect their dockets from meritless lawsuits").

Plaintiff has filed several actions in this District, all of which have been dismissed upon the Court's initial screening. Thus, as set forth below, it is clear that, prior to bringing the within action, Plaintiff accumulated "three strikes" for purposes of section 1915(g).

### A. Plaintiff's Case Review

*1. Mercer v. Petro*, Civ. No. 1:11-CV-157 (GTS/DRH)

Mercer initiated this civil action in February 2011, while incarcerated in the Ulster County Jail, claiming that the defendant provided him ineffective assistance of counsel while acting as his defense counsel in state court. *See Mercer v. Petro*, Civ. No. 1:11-CV-157 (GTS/DRH), Dkt. No. 1. Because Mercer sought permission to proceed IFP, the Honorable David R. Homer, then-United States Magistrate Judge, reviewed the civil complaint as authorized by 28 U.S.C. §§ 1915(e) and 1915A. *Id.* at Dkt. No. 5. Then-Magistrate Judge Homer found that Mercer could not bring this action pursuant to 42 U.S.C. § 1983 because it is well-settled that defense counsel, even those appointed by a court, do not act under color of state law, and to the extent Mercer intended to bring this action as a petition seeking a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, such avenue was premature as Mercer had not yet been convicted. *Id.* Accordingly, it was recommended that the Complaint be dismissed.

On June 28, 2011, the Honorable Glenn T. Suddaby, United States District Judge, reviewed the recommendations and concurred that the action failed to state a claim upon which relief could

be granted and no amendment of the pleading could cure the identified deficiencies. *Id*. at Dkt. No. 9. This dismissal, rendered pursuant to 28 U.S.C. § 1915(e), constitutes the first strike.

### 2. *Mercer v. Cuomo, et al.*, Civ. No. 1:11-CV-232 (GTS/DRH)

Also in February 2011, while incarcerated, Mercer brought another civil rights action, this time against Governor Andrew Cuomo, Thomas Klonick ("Judicial Conduct Member"), and New York Attorney General Eric T. Schneiderman. *Mercer v. Cuomo, et al.*, Civ. No. 1:11-CV-232 (GTS/DRH), Dkt. No. 1. By his original complaint, Mercer complained that Governor Cuomo failed to timely appoint new members on the Commission on Judicial Conduct and that Klonick failed to protect him against improper conduct by the judge who presided over Mercer's criminal state court case. *Id*. Upon review, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, then-Magistrate Judge Homer determined that Mercer failed to allege the personal involvement of each defendant in any wrongdoing and failed to state a claim upon which relief could be granted; however, instead of recommending outright dismissal, Mercer was given an opportunity to cure the identified deficiencies with an amended pleading. *Id*. at Dkt. No. 4. Mercer filed an amended complaint, followed by an unauthorized second amended complaint. Upon review of the authorized amended complaint, it was determined that such pleading was equally deficient and then-Magistrate Judge Homer recommended dismissal for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure. *Id*. at Dkt. No. 9. In response, Mercer both objected to the recommendations and filed an unauthorized third amended complaint. *Id*. at Dkt. Nos. 12 & 13.

On August 31, 2011, Judge Suddaby reviewed the pending recommendation of dismissal as well as Mercer's unauthorized second and third amended complaints. *Id*. at Dkt. No. 15. Judge Suddaby determined that Mercer's action should be dismissed for several reasons, including failure

to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3] *Id.*; *see also Mercer v. Cuomo*, 2011 WL 3876310 (N.D.N.Y. Aug. 31, 2011). This dismissal constitutes Mercer's second strike.

Thereafter, on October 3, 2011, while still incarcerated, Mercer appealed the closing of his case to the Second Circuit Court of Appeals and sought permission to proceed IFP on appeal. *Mercer v. Cuomo, et al.*, Civ. No. 1:11-CV-232 (GTS/DRH), at Dkt. Nos. 17 & 18; *see also Mercer v. Cuomo*, #11-4098 (2d Cir.). Judge Suddaby denied Mercer's request to proceed IFP on appeal for several reasons, most notably because "the Court finds that his appeal is not taken in good faith because the dismissal of his action is clearly warranted on three alternative grounds[.]" *Mercer v. Cuomo, et al.*, Civ. No. 1:11-CV-232 (GTS/DRH), at Text Order, dated Oct. 5, 2011. On April 6, 2012, the Second Circuit Court of Appeals denied Mercer's request to proceed IFP and dismissed the appeal "because it lacks an arguable basis in law or fact." *Mercer v. Cuomo*, #11-4098 (2d Cir.), at Dkt. No. 30 (citing 28 U.S.C. § 1915(e) & *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The dismissal of the appeal constitutes another strike, thus bringing the tally to three. *See Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (holding that an appeal that is dismissed on any ground listed in § 1915(g) constitutes a strike and that if a prisoner appeals a district court dismissal that was based on a ground listed in § 1915(g), he runs the risk of accumulating two strikes, one from the district court, and one from the appellate court).

---

[3] Within that Decision and Order, Judge Suddaby recounted Plaintiff's litigiousness, having filed four *pro se* actions in a span of five months, and noted that his "unwarranted litigiousness is bordering on vexatiousness." *Mercer v. Cuomo, et al.*, Civ. No. 1:11-CV-232 (GTS/DRH), Dkt. No. 15, at pp. 18-19. Judge Suddaby warned Mercer that if he
> continue[d] to file meritless actions, he will be directed to show cause as to why the Court should not issue an order barring him from filing any future *pro se* actions in this Court without prior leave of the court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

*Id.* at p. 19.

While it is clear that Plaintiff had, by these two civil actions and one appeal compiled three strikes as of April 6, 2012, we review the other two cases filed in this District that are eligible for a strike.[4]

### 3. *Mercer v. Schneiderman, et al.*, Civ. No. 1:11-CV-490 (GTS/DRH)

In April 2011, while incarcerated, Plaintiff filed a civil rights action, pursuant to 42 U.S.C. § 1983, against the New York State Attorney General, the Ulster County District Attorney, and the "Ulster County Prosecutor." *Mercer v. Schneiderman, et al.*, Civ. No. 1:11-CV-490 (GTS/DRH), Dkt. No. 1. On May 16, 2011, then-Magistrate Judge Homer performed an initial review of the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and noted that the case concerned Mercer's state court conviction, thus constituting Mercer's third civil rights complaint filed in the District resulting from this state court conviction. *Id.* at Dkt. No. 5, p. 1 n.1. Former-Magistrate Judge Homer determined that Mercer was barred from seeking relief in the action pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because any finding in his favor would necessarily invalidate his criminal conviction. *Id.* at pp. 4-5. Additionally, former-Magistrate Judge Homer found that the defendants were entitled to prosecutorial immunity, and accordingly, he recommended dismissal for failure to state a claim. *Id.* at p. 6.

On August 18, 2011, Judge Suddaby, the presiding District Judge, adopted the recommendation of dismissal. In rendering that Decision, Judge Suddaby employed a "clear error

---

[4] The Court is not going to review the dismissal of Mercer's 2011 *habeas corpus* petition because such dismissal was based upon the fact that he had not yet been convicted and so the reviewing court lacked subject matter jurisdiction over the petition. *See Mercer v. Carnright*, Civ. No. 9:11-CV-783 (GTS), Dkt. No. 4. Generally, dismissals that fall within the auspice of a § 1915(e) dismissal are those that contemplate the merits and "finally terminate[] the action because of a determination that it ultimately cannot succeed." *Snider v. Melendez*, 199 F.3d 108, 111 (2d Cir. 1999). A finding that the court lacks the necessary jurisdiction to adjudicate the merits of a case would seem to prevent the dismissal from being counted as a strike.

review" in light of Plaintiff's concession that the dismissal was appropriate except to the extent that it was recommended that his case be dismissed with prejudice. *Id.* at Dkt. No. 10 at pp. 4-5. After determining that no error "clear or otherwise" was present, Judge Suddaby reviewed the recommendation *de novo* to determine whether the dismissal should be without prejudice thereby giving Plaintiff an opportunity to amend. *Id.* at pp. 5-6. This inquiry was answered in the negative as Judge Suddaby determined that no amendment need be permitted where the defects are substantive rather than mere formalities. *Id.* Thus, the case was dismissed, thereby constituting yet another strike.

### 4. *Mercer v. Gudesblatt Lamb, et al.*, Civ. No. 1:13-CV-1052 (DNH/CFH)

In August 2013, while incarcerated, Mercer filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against two prosecutors and the Ulster County District Attorney. *Mercer v. Gudesblatt Lamb, et al.*, Civ. No. 1:13-CV-1052 (DNH/CFH), Dkt. No. 1. Upon initial review, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Honorable Christian F. Hummel, United States Magistrate Judge, ascertained that, by this action, Mercer sought to have his state conviction overturned on the basis that the named defendants had submitted a John Doe case to a grand jury and later amended the indictment to name him without giving him notice. *Id.* at Dkt. No. 4. In doing so, Mercer felt that the Defendants violated his constitutional rights. Judge Hummel recommended that the action be dismissed, pursuant to § 1915, in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), because any finding in Mercer's favor would necessarily invalidate his criminal conviction. *Id.* at pp. 3-4. On November 6, 2013, the Honorable David N. Hurd, United States District Judge, adopted the recommendation and dismissed the action. *Id.* at Dkt. No. 7. Thus, this constitutes yet another strike.

**B. Imminent Danger Exception**

Having thus determined that prior to bringing the instant action, Plaintiff accumulated three or more strikes, Plaintiff may not proceed with this action IFP unless it appears that the "imminent danger" exception to the "three-strikes" rule is applicable to this action.

Congress enacted the "imminent danger" exception contained in the final phrase of § 1915(g) to create a safety valve to prevent impending harms to prisoners otherwise barred from proceeding IFP. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). The danger must be present when the plaintiff files his complaint. *See id.* Although allegations of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (internal quotation marks omitted), may qualify, "a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed[,]" *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citations omitted).

In addition, "§ 1915(g) allows a three-strikes litigant to proceed [*in forma pauperis*] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Id.* In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298–99.

In reviewing the current Complaint, it appears to this Court that Plaintiff, yet again, is complaining about his state court conviction, and/or about the 2010 grand jury proceedings related thereto. Even construing his Complaint with the leniency that the Court must afford a *pro se* litigant,

8

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), the sparse allegations present no basis for this Court to find that Plaintiff was under imminent danger of serious physical injury at the time that he filed his Complaint in August 2014. Nor can the Court fathom a scenario by which Plaintiff could, in 2014, be facing any imminent harm that could be related to a 2010/2011 state criminal conviction. Therefore, the imminent-danger exception does not apply to this case and his IFP Application is **denied**.

Generally, when the Court denies a plaintiff IFP status because that litigant had accumulated three strikes under Section 1915(g), the plaintiff would be given the opportunity to pay the $400.00[5] filing fee in full or risk dismissal of the action. However, a review of the Complaint reveals that, not only does it fail to comply with basic pleading requirements, but, as with his prior attempts, Mercer fails to state a claim upon which relief could be granted and names Defendants who are immune to suit, thus, dismissal is warranted.

## II. PLAINTIFF'S COMPLAINT

As noted, even if Mercer were not barred from proceeding IFP under the "three strikes rule," or even if he paid the full filing fee, we would nevertheless recommend that this action be dismissed. Pursuant to 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir.

---

[5] Because Plaintiff is not granted IFP status, he would be required to pay the full filing fee, which includes the $50.00 administrative fee. *See supra* note 2.

1999). Although a court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.

Utilizing the *pro forma* complaint typically provided to litigants seeking vindication of their civil rights pursuant to 42 U.S.C. § 1983, Plaintiff sets forth a "FACTS" section that consists of one, nonsensical paragraph:

> right to counsel, Donald Williams, from June 3-June 11, 2010. Due process Kevin harp. Plaintiff's name was substituted for that of John doe June 10, 2010. Equal protection Kevin harp, Plaintiff was in Ulster County Jail yet the case was presented as a John Doe to the grand jury. June [illegible] 2010 as a sealed indictment and due process.

Compl. at ¶ 4.

By this action, Plaintiff asks "that the evidence from [Plaintiff's] prior submission assist this court in its decision to overturn and dismiss this unconstitutional conviction." *Id*. at ¶ 6. Clearly, Plaintiff is again attempting to circumnavigate the proper vehicles which he should be pursuing in order to have his allegedly "unconstitutional conviction" overturned. And all prior guidance provided by the Judges in this District with regard to the fact that the appropriate method of seeking to overturn a conviction lies in *habeas* relief, and not civil relief, has fallen on deaf ears. And this Court will not recommend a *sua sponte* conversion of this civil action to a *habeas* petition in light of the stringent limits placed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") upon a prisoner's ability to bring more than one federal *habeas* petition. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 274–75 (2d Cir. 2002). Nevertheless, regardless of the fact that the

Complaint in its present form fails to state a cognizable, let along legible, claim for relief, as with Plaintiff's past attempts, there is no basis to allow Plaintiff an opportunity to amend his Complaint because both Defendants named herein are immune from this civil litigation:[6] Donald Williams as a County Court Judge is entitled to absolute immunity and Kevin Harp as the prosecuting district attorney is entitled to prosecutorial immunity. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967), for the proposition that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'"); *Shmueli v. City of New York*, 424 F.3d 231, 236-37 (2d Cir. 2005) (citing, *inter alia*, *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976), for the proposition that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursing a criminal prosecution . . . is immune from a civil suit for damages under § 1983").

Accordingly, with the defects in Plaintiff's pleading being more substance over form that could not be cured with any amendment, dismissal of this action without leave to amend is appropriate. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (dismissal is appropriate where leave to amend would be futile).

### III. FILING INJUNCTION

The Court would be remiss if we did not deal with the fact that Plaintiff has for the sixth time sought relief in this Court with regard to the same issue, to wit, his desire to have this federal court review and overturn his state court conviction, despite being shut down at every attempt. As set

---

[6] Although immunity from suit is conventionally an affirmative defense that must be raised by a defendant in order to be preserved, a court may validly *sua sponte* determine that a complaint is based on an indisputably meritless legal theory when certain affirmative defenses are apparent from the face of the complaint. *See Pino v. Ryan*, 49 F.3d 51, 53 (1995) (citing cases and noting that in *Neitzke v. Williams*, 490 U.S. 319, 329 (1989) the Supreme Court sanctioned dismissals of claims "against which it is clear that the defendants are immune from suit").

11

forth above, with the exception his *habeas corpus* petition, which was dismissed for lack of subject matter jurisdiction, each of Plaintiff's civil actions were dismissed as frivolous and/or meritless.[7] And, an appeal raised to the Second Circuit was also dismissed as frivolous.[8]

Courts have an inherent "power to act against vexatious litigation[.]" *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981)). Under such circumstances, "the traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *Id.* Indeed, a Court may enjoin such a litigant on its own motion in order to protect the public and to ensure "efficient administration of justice." *Id.* As the Second Circuit noted, "we need not await the arrival of a litigant able to show private entitlement to relief. . . . A history of litigation entailing 'vexation, harassment and needless expense to [other parties' and 'an unnecessary burden on the courts and their supporting personnel' is enough." *Id.* (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)). "'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous,

---

[7] Although already set forth above, the Court notes that Plaintiff filed the following actions in this District:

(1) *Mercer v. Carnright*, Civ. No. 9:11-CV-783 (GTS) (*habeas corpus* petition dismissed by the Court *sua sponte* on July 21, 2011, for lack of subject matter jurisdiction);
(2) *Mercer v. Petro*, Civ. No. 1:11-CV-157 (GTS/DRH) (§ 1983 action dismissed by the Court *sua sponte* on June 29, 2011, pursuant to 28 U.S.C. § 1915(e));
(3) *Mercer v. Cuomo, et al.*, Civ. No. 1:11-CV-232 (GTS/DRH) (§ 1983 action dismissed by the Court *sua sponte* on August 31, 2011, pursuant to 28 U.S.C. § 1915(e));
(4) *Mercer v. Schneiderman, et al.*, Civ. No. 1:11-CV-490 (GTS/DRH) (§ 1983 action dismissed by the Court *sua sponte* on August 18, 2011, pursuant to 28 U.S.C. § 1915(e));
(5) *Mercer v. Gudesblatt Lamb, et al.*, Civ. No. 1:13-CV-1052 (DNH/CFH) (§ 1983 action dismissed by the Court *sua sponte* on November 6, 2013, pursuant to 28 U.S.C. § 1915(e));
(6) *Mercer v. Harp, et al.*, Civ. No. 1:14-CV-1029 (GTS/RFT) (current action with recommendation of dismissal).

[8] *Mercer v. Cuomo*, #11-4098 (2d Cir.) (appeal dismissed on April 6, 2012, because it lacked an arguable basis in law or fact).

multiplicitous, and baseless litigation." *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (quoting *Abdullah v. Gatto*, 773 F.2d , 487, 488 (2d Cir. 1985)).

A court deciding whether to enjoin a vexatious litigant from filing another action should consider several factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Id.*

The Second Circuit has also made clear that such sanctions are not to be imposed without first warning the vexatious litigant. *See generally In re Martin-Trigona*, 737 F.2d 1254; *Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997).

The Court finds that these factors weigh, in material respect, in support of imposing an injunction at this time. Plaintiff filed a series of frivolous lawsuits that may or may not have the aim of harassing the defendants, but certainly clogged and congested the District Court. Although the Court is unable to ascertain Mr. Mercer's intentions with his multiple filings, the consequence evinces vexation and an unnecessary burden on the Court.

And, it appears that lessor sanctions or warnings simply will not suffice in curtailing Mr. Mercer's frivolous filings. In reviewing Plaintiff's litigation history, the Court notes that on August 31, 2011, Judge Suddaby, after reviewing Plaintiff's litigation history, issued a stern warning to Plaintiff regarding his insistence in filing frivolous actions. Specifically, Judge Suddaby cautioned Plaintiff that

13

> his unwarranted litigiousness is bordering on vexatiousness. Should he continue to file meritless actions, he will be directed to show cause as to why the Court should not issue an Order barring him from filing any future *pro se* actions in this Court without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

*Mercer v. Cuomo, et al.*, 1:11-CV-232 (GTS/DRH), at Dkt. No. 15 at pp. 18-19.

Apparently, Plaintiff did not heed Judge Suddaby's warnings. Despite the clear annotation on that Order stating that any appeal of that decision would not be taken in good faith, Plaintiff pursued an appeal which was thereafter dismissed as frivolous. *Id*. at Dkt. Nos. 17 & 22. And, Plaintiff filed two other civil actions, including this one, with regard to the same subject matter.

Thus, in light of all that has been discussed, we find that this matter is ripe for forwarding Mr. Mercer's cases to the Chief Judge for issuance of an Order prohibiting him from making any future filings in this District without prior leave of the Chief Judge.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's renewed requests to proceed with this action without pre-payment of fees (Dkt. Nos. 5 & 6) are **DENIED**, pursuant to 28 U.S.C. § 1915(g), because Plaintiff has accumulated three or more strikes prior to bringing this action and has not shown that he is in imminent danger; and it is further

**RECOMMENDED**, that this entire action be dismissed, pursuant to 28 U.S.C. § 1915A, because Plaintiff has sued individuals who are immune from suit; and it is further

**RECOMMENDED**, that this matter be forwarded to the Honorable Gary L. Sharpe, Chief United States District Judge, for the issuance of an order prohibiting Mercer from filing any further actions in this District without first seeking leave of the Chief Judge; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED**.

Dated: January 23, 2015
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge